**In re Leland & Nancy GEORGE Debtors.**

**Bankruptcy No. 80–00836–BKC–TCB.**

United States Bankruptcy Court,
S.D. Florida.

Oct. 13, 1982.

Daniel L. Bakst, West Palm Beach, Fla., trustee.

Gary Zwickel, Lake Worth, Fla., for debtors.

Richard W. Lorenz, Spencer, Ind., for creditor.

## ORDER ON FEE APPLICATIONS

THOMAS C. BRITTON, Bankruptcy Judge.

The assets of this chapter 7 case available for distribution to creditors total $4,970. The trustee seeks $330 plus $2,000 for his services as attorney for the estate under 11 U.S.C. § 327(d). In addition, Richard W. Lorenz, an Indiana attorney, seeks $1,873 for his services and $486 for his costs in successfully blocking the debtors' discharges. (C.P. No. 28a). The applications were heard on August 31. The trustee has questioned the amount of Lorenz' claim. The debtors have argued that Lorenz' claim is not compensable under 11 U.S.C. § 503(b).

■ The claims exceed $15,000 so the debtors have no interest in this estate. They lack standing, therefore, to oppose any fee applications. No other party has questioned them. This circumstance does not, of course, relieve the court of its responsibility to examine the application. *Matter of First Colonial Corp. of America,* 5 Cir. 1977, 544 F.2d 1291, 1301.

The former Act expressly included under the third administrative priority, creditors' reasonable costs and expenses in opposing or revoking a discharge or confirmation of a wage-earner's plan. § 64(a)(3). The Reform Act omits this provision, although it expressly requires reimbursement to creditors for expenses incurred in five similar categories. These specified categories appear after the following general authorization:

"After notice and hearing, there shall be allowed administrative expenses *including—*". § 503(b)(3) and (4).

The omission of an express provision for the expenses at issue here could suggest an intent to deny them; however, no reported decision and only one commentator has presently reached this conclusion. 1 *Norton Bankruptcy Law and Practice,* § 12.31. He did so upon the premise that:

"Congress wanted to discourage discharge challenges or at least minimize the

drain these challenges place on the estate."

I cannot agree. The legislative history provides no hint of such an intent. Had this been intended, § 727 which provides ten grounds for the denial of discharge would have been eliminated or severely restricted (as was the case in chapter 13, § 1328), and the trustee would not have been explicitly required in chapter 7 cases to:

"if advisable, oppose the discharge of the debtor". § 704(5).

Nor would creditors have been permitted to oppose discharges. § 727(c)(1).

I see no plausible reason why a creditor who benefits all other creditors by filing an involuntary petition, by recovering a fraudulent transfer, or by aiding a criminal prosecution must be reimbursed his expenses, but must be denied his expenses if he successfully opposes the debtor's discharge. I reject the contention, therefore, that the omission reflects a legislative intent to prohibit reimbursement.

■ I conclude that a creditor's reasonable expense incident to opposing a discharge or revoking a discharge, opposing claimed exemptions, resisting claims or performing other similar services benefiting the estate, *may* be allowed as an administrative expense. § 102(3); 3 *Collier on Bankruptcy* (15th ed.) ¶ 503.03. The omission of these items from § 503(b)(3) following the term "including" merely deprives these related expenses of mandatory reimbursement.

Of course, a capable and diligent trustee would normally perform each of these tasks and a prudent creditor could ask the court to direct the trustee to do so, § 727(c)(2), or seek the trustee's replacement before he spent his money to do the trustee's job. § 324. However, the fact that the creditor did neither ought not to deprive him of reimbursement when, as was the case here, the creditor and his attorney located substantial assets concealed by the debtors in Indiana, notified the trustee of these facts, filed an adversary complaint under § 727(a)(2), by deposition developed the necessary proof, flew to Florida to try the case, and obtained denial of both discharges.

■ Mr. Lorenz is, therefore, entitled to reasonable reimbursement for his services and expenses in opposing the discharges.

The only asset recovered for the creditors in this case was the concealed property located by the creditor and his attorney. Alternatively, therefore, I would retroactively approve the efforts of this creditor and his attorney to recover this property for the benefit of the estate, § 503(b)(3)(B), and I would hold that their efforts in this instance constituted substantial recovery of the property. After Lorenz' successful adversary proceeding, the trustee was not required to do anything other than sell the property.

The amounts requested, $50 an hour for 27.75 hours and actual expenses for depositions, filing fee, transcript of the creditors' meeting and air fare are reasonable. The trustee is directed to pay Mr. Lorenz $1,873.

The trustee's application is also reasonable and his payment of $330 for his services as trustee and $2,000 for his legal services is authorized.

These expenses will permit only a five percent dividend to general creditors, but that is five percent more than they would have received but for the services of these applicants. Furthermore, they will retain their undischarged claims against the debtors.