**In re AMERICAN TRAWLER CORPORATION, AT of Maine, Inc., Debtors.**

**Bankruptcy Nos. 182–00188, 182–00189.**

United States Bankruptcy Court, D. Maine.

Nov. 9, 1982.

U. Charles Remmel, II, Kelly, Remmel & Zimmerman, Portland, Maine, for creditors' committee.

P. Benjamin Zuckerman, Robert Keach, Verrill & Dana, Portland, Maine, for debtor.

## MEMORANDUM OF DECISION

JAMES A. GOODMAN, Bankruptcy Judge.

Kelly, Remmel & Zimmerman filed on September 22, 1982 an application for interim compensation as attorneys for the Creditors' Committee. Notice was given to all parties, and a hearing was held.

The Creditors' Committee is empowered to employ an attorney by 11 U.S.C. § 1103(a), which states in part:

At a scheduled meeting of a committee appointed under section 1102 of this title, at which a majority of the members of such committee are present, *and with the court's approval,* such committee may select and authorize the employment by such committee of one or more attorneys ... to represent or perform services for such committee.

(Emphasis added).

"The committee's selection and authorization is subject to the court's approval...." H.R.Rep. No. 95–595, 95th Cong., 1st Sess. 402 (1977) *reprinted in* 2 App. *Collier on Bankruptcy* 402 (15th ed. 1982); *see* S.Rep. No. 95–989, 95th Cong., 2d Sess. 114 (1978) *reprinted in* 3 App. *Collier on Bankruptcy* 114 (15th ed. 1982) U.S.Code Cong. & Admin.News 1978, 5787. The statutory language is similar to the requirement of court approval in 11 U.S.C. § 327(a), which provides in part:

the trustee, with the court's approval, may employ one or more attorneys....

This Court construes section 327(a) as requiring that services for which compensation is requested have been performed pursuant to appropriate authority under the Code and in accordance with an order of the court. *In re Thibodeau,* 20 B.R. 107, 107 (Bkrtcy.D.Me.1982); *see In re Morton Shoe Companies, Inc.,* 22 B.R. 449, 450, 9 B.C.D. 654, 654–55 (Bkrtcy.D.Mass.1982); 2 *Collier on Bankruptcy* ¶ 327.02 (15th ed. 1982); *see also In re J.M. Wells, Inc.,* 575 F.2d 329, 331 (1st Cir.1978) (dicta); *cf. In re Mork,* 19 B.R. 947, 6 C.B.C.2d 1334 (Bkrtcy.D.Minn. 1982) (compensation denied where accountant employed by debtor in possession without prior court approval). The self-evident purpose of this requirement is to permit prior judicial oversight into the necessity and legality of the terms of employment. *In re Mork,* 19 B.R. at 948–49, 6 C.B.C.2d at 1136–37. As the drafters of both the preliminary draft of the proposed new Bankruptcy Rules and the Local Bankruptcy Rules for the District of Maine have recognized, a creditors' committee's application to employ an attorney pursuant to § 1103 should be as detailed and as informative as a trustee's application to employ counsel pursuant to § 327. *See* Rule 2014, Preliminary Draft of Proposed New Bankruptcy Rules (promulgated in March 1982 by the

Committee on Rules of Practice and Procedure of the Judicial Conference of the United States); Local Rule 2006. Therefore, the Court finds that sections 327(a) and 1103(a) are *in pari materia* and should be similarly construed.

 The evidence before the Court discloses neither an application by the Creditors' Committee to employ counsel nor a court order approving the employment of counsel. The burden of proof to establish entitlement to an allowance of a professional fee from assets of the bankruptcy estate is upon the movant. *In re Crutcher Transfer Line, Inc.,* 20 B.R. 705, 710 (Bkrtcy.W.D. Ky.1982). The applicant has failed to prove that it has *ever* received court approval for its employment. Therefore, the application for interim compensation is denied.[1]

Enter Order.

Arthur E. Dennis, Philadelphia, Pa., for debtors/defendants.

Morton R. Branzburg, Gary P. Lightman, Philadelphia, Pa., for plaintiff.

James J. O'Connell, Philadelphia, Pa., interim trustee.

---

1. The Court expresses no opinion as to whether a *nunc pro tunc* order of appointment would be appropriate in this case, that issue not now being before the Court.