In the Matter of Antonio CASALE, Debtor.

Ralph I. LAZAR & Victor Pafundi, Plaintiffs,

v.

Antonio CASALE, Defendant.

Bankruptcy No. 881–80660–17.
Adv. No. 881–0229–17.

United States Bankruptcy Court, E.D. New York.

Jan. 24, 1983.

Morris & Eisenberg by Eugene Eisenberg, Merrick, N.Y., for plaintiffs.

Holland & Zinker by Edward Zinker, Smithtown, N.Y., for debtor/defendant.

BORIS RADOYEVICH, Bankruptcy Judge.

By notice of motion filed 18 October, 1982, and returnable 28 October, 1982, Eugene Eisenberg, Bellmore, N.Y., acting as attorney for the above-named objecting creditors, requests reimbursement for litigation costs expended, and compensation for professional services rendered, in successfully denying Antonio Casale the benefit of his Chapter 7 discharge.

The creditors' attorney bases his fee application upon the provisions within 11 U.S.C. § 503(b)(3).[1] The movant's papers recognize that the Bankruptcy Reform Act of 1978 (hereinafter "the Code") does not specifically carry forward the provisions of

---

1. § 503. Allowance of administrative expenses.
   (a) An entity may file a request for payment of an administrative expense.
   (b) After notice and a hearing, there shall be allowed, administrative expenses, other than claims allowed under section 502(f) of this title, including—
      (3) the actual, necessary expenses, other than compensation and reimbursement specified in paragraph (4) of this subsection, incurred by— ...
   (B) a creditor that recovers, after the court's approval, for the benefit of the estate any

property transferred or concealed by the debtor; ...
   (4) reasonable compensation for professional services rendered by an attorney or an accountant of an entity whose expense is allowable under paragraph (3) of this subsection, based on the time, the nature, the extent, and the value of such services, and the cost of comparable services other than in a case under this title, and reimbursement for actual, necessary expenses incurred by such attorney or accountant; ...

§ 64(a)(3) [2] of the Bankruptcy Act of 1898 (hereinafter "the Act") which allowed for reimbursement of the expenses involved in a creditor's successful challenge of a debtor's discharge. However, it is argued that the provisions within § 503 of the Code are not exclusive, and that therefore this Court possesses the discretionary powers to compensate the creditors to the extent of the benefit derived by the estate from their actions. In support of this position the creditor's attorney cites *In re George,* 23 B.R. 686, 9 B.C.D. 915 (Bkrtcy.S.D.Fla.1982).

■ The general rule of statutory construction is that a change in the language of a statute indicates that a departure from the old law was intended. *See Shamrock Oil & Gas Co. v. Sheets,* 313 U.S. 100, 61 S.Ct. 868, 85 L.Ed. 1214 (1941); *In re Carter,* 11 B.R. 992 (Bkrtcy.M.D.Tenn.1981); *See also* 73 Am.Jur.2d Statutes § 236 (1974). Section 64(a) of the Act allowed for payment of the costs and expenses of a creditor who without prior Court authorization recovered property of the bankrupt for the benefit of the estate. When this section was recodified within the provisions of § 503(b)(3)(B) of the Code, Congress specifically limited such an allowance to those situations wherein the creditor had sought and was granted prior Court approval to recover the debtor's property on behalf of the estate. Though the creditors' attorney is correct in asserting that the legislative history fails to evidence an intent to prohibit reimbursement of creditors whose unauthorized acts benefited the estate, it must be assumed that the legislative purpose is expressed by the ordinary meaning of the words used in the statute. *See Richards v. U.S.,* 369 U.S. 1, 82 S.Ct. 585, 7 L.Ed.2d 492 (1962); *U.S. v. Blasius,* 397 F.2d 203 (2d Cir.1968); *Green v. King Edward Emp. Federal Credit Union,* 373 F.2d 613 (5th Cir.1967). *See also Consumer Products Safety Comm. v. GTE Sylvania Inc.,* 447 U.S. 102, 100 S.Ct. 2051, 64 L.Ed.2d 766 (1980); *Commissioner v. Brown,* 380 U.S. 563, 85 S.Ct. 1162, 14 L.Ed.2d 75 (1965); *Helvering v. Hammel,* 311 U.S. 504, 61 S.Ct. 368, 85 L.Ed. 303 (1941). The present statutory language leaves no room for the movant's "nonexclusivity" argument.

The intent of § 503(b)(3)(B) is further supported by well established precedent which holds that within the context of bankruptcy proceedings, professionals seeking administrative allowance are charged with the knowledge of the "prior authorization" rule. *See In re Futuronics Corp.,* 655 F.2d 463 (2d Cir.1981); *In re Rogers-Pyatt Shellac Co.,* 51 F.2d 988 (2d Cir.1931); *In re Morton Shoe Co. Inc.,* 22 B.R. 449 (Bkrtcy. D.Mass.1982). Ignorance of this rule is not recognized as a legitimate excuse and therefore can not provide a legally sufficient basis for nunc pro tunc authorization. *See In re WDFR, Inc.,* 22 B.R. 266 (Bkrtcy.N.D. Ga.1982); *In re Johnson,* 21 B.R. 217 (Bkrtcy.D.C.1982); *In re American Trawler Corp.,* 24 B.R. 505, 9 B.C.D. 1138 (Bkrtcy.D. Me.1982); *In re Mork,* 19 B.R. 947 (Bkrtcy. D.Minn.1982).

In this case there is no doubt that prior approval was neither sought or granted. There is no evidence before this Court to indicate that the creditor's attorney ever detrimentally relied upon an expectation of reimbursement by the estate. Prior to the resolution of the involved proceeding, the creditor's attorney appeared financially satisfied with whatever employment bargain he struck with his client. This motion appears in the nature of an afterthought.

■ This Court commends Mr. Eisenberg for the exemplary quality of his efforts in denying the debtor his discharge. His diligence and resourcefulness will undoubtably

---

**2.** § 64.

a. The debts to have priority, in advance of the payment of dividends to creditors, and to be paid in full out of bankrupt estates, and the order of payment shall be (1) the costs and expenses of administration, including the actual and necessary costs and expenses of preserving the estate subsequent to filing the petition;

... where property of the bankrupt, transferred or concealed by him either before or after the filing of the petition, is recovered for the benefit of the estate of the bankrupt by the efforts and at the cost and expense of one or more creditors, the reasonable costs and expenses of the recovery; ...

inure some future benefit to this estate. However, this Court can not fly in the face of a clear legislative mandate. Accordingly, the request for administrative allowance is denied.

With respect to the creditor's attorney's application for reimbursement of litigation costs, this Court recommends that the plaintiffs follow Fed.R.Civ.P. # 54(d) and 28 U.S.C. § 1920. The Clerk of this Court is capable of assessing the plaintiffs' costs against the debtor/defendant.

Settle Order in accordance herewith.