**In the Matter of Wanza SPENCER, Debtor.**

**Bankruptcy No. 80–03668A.**

United States Bankruptcy Court, N.D. Georgia, Atlanta Division.

Dec. 8, 1983.

Hoke Smith, III, College Park, Ga., for debtor.

Harris Bullock, Decatur, Ga., for creditor.

## ORDER

WILLIAM L. NORTON, Jr., Bankruptcy Judge.

Application for administrative expenses has been submitted to the Court by Household Finance Corporation of Georgia ("applicant"). This claim is made for the professional services charged by applicant's counsel in successfully securing denial of defendant debtor's Chapter 7 discharge. Because the applicable law requires that a creditor seeking actual, necessary expenses connected with the estate's recovery of property concealed by the debtor receive Court approval prior to undertaking the effort, this Court must deny applicant's claim. 11 U.S.C. § 503(b)(3)(B), § 503(b)(4).

## FINDINGS OF FACT

(1) Debtor filed a Chapter 7 petition on October 15, 1980;

(2) At the Section 341 meeting, creditor Household Finance Corporation of Georgia established that the debtor had not disclosed relevant information in her bankruptcy petition, e.g., debtor had failed to declare the receipt of over $2,000.00 for the sale of her interest in a house;

(3) No action was taken by the trustee or any creditor with regard to the information that applicant established at the Section 341 hearing;

(4) The applicant filed an adversary proceeding against the debtor on January 16, 1981, objecting to the debtor's discharge;

(5) Prior to this time, applicant had not sought the Court's approval to undertake the action for and on behalf of the estate;

(6) Applicant's action was instrumental in the Court's denial of the debtor's discharge and the trustee's recovery of more than $2,300.00 for the estate.

## DISCUSSION

Applicant contends it is entitled to reimbursement for "actual, necessary costs and expenses of preserving the estate ..." under the general language of 11 U.S.C. § 503(b)(1)(A). Additionally, applicant cites the language of § 64 of the Bankruptcy Act of 1898 and uses case law developed under that prior Act to bolster its argument. The flaw in applicant's reasoning is that the specific provisions applicable to the circumstances of this case are found in § 503(b)(3)(B) and § 503(b)(4) and not § 503(b)(1)(A).

Section 503(b)—After notice and a hearing, there shall be allowed, administrative expenses, other than claims allowed under section 502(f) of this title, including—

(3) the actual, necessary expenses, other than compensation and reimbursement specified in paragraph (4) of this subsection incurred by—

(B) a creditor that recovers, *after the court's approval,* for the benefit of the estate any property transferred or concealed by the debtor; (Emphasis added).

(4) reasonable compensation for professional services rendered by an attorney or an accountant of an entity whose expense is allowable under paragraph (3) of this subsection, based on the time, the nature, the extent, and the value of such services, and the cost of comparable services other than in a case under this title, and reimbursement for actual, necessary expenses incurred by such attorney or accountant;

Creditor Household Finance Corporation specifically fits within the above language because it is seeking "actual, necessary expenses" for professional services [§ 503(b)(4)] rendered by its attorneys for the recovery of property for the benefit of the estate which had been concealed by the debtor [§ 503(b)(3)(B)]. For the applicant to be entitled to such "actual, necessary expenses," it must first have received the Court's approval to undertake the activity. The adversary proceeding was initiated by Household Finance at its own volition, without request by the trustee or approval

of the Court under § 503(b)(4) to represent the estate. Mere benefit to the estate by an action of an applicant is insufficient. Although applicant's efforts resulted in a beneficial recovery to the estate, because in the instant case the applicant did not seek prior approval, it is not entitled to such recovery under § 503(b)(4). *See In re Casale*, 27 B.R. 69, 70–71 (Bkrtcy.E.D.N.Y., 1983). The court in *Casale* reviewed § 64 of the prior Act and distinguished that operative language from the current Code sections. The *Casale* court also determined that "professionals seeking administrative allowance are charged with the knowledge of the 'prior authorization' rule." [Citations omitted]. *Id.* at 70. The *Casale* court, based on these reasons, held that the applicant was not entitled to the expenses he claimed. See also 3 *Collier on Bankruptcy,* ¶ 503.04[3], [4] (15th ed. 1982).

For these reasons, it is hereby ordered that applicant's claim for administrative expenses be denied.

It is so ORDERED.