In re John M. MONAHAN, Debtor.

Bankruptcy No. 86–01460–BKC–SMW.

United States Bankruptcy Court,
S.D. Florida.

May 13, 1987.

See also, Bkrtcy., 68 B.R. 997.

Steven Friedman, Miami, Fla., for creditor Zemon.

Alexander de Marco, Coral Gables, Fla., Trustee.

## ORDER DENYING REIMBURSEMENT OF ATTORNEY'S FEES AND EXPENSES TO CREDITOR MICHAEL ZEMON

SIDNEY M. WEAVER, Bankruptcy Judge.

**THIS CAUSE** having come before the Court on April 3, 1987 upon creditor, Michael Zemon's Restated Application for Reimbursement made pursuant to 11 U.S.C. § 503(b)(3)(B) and (b)(4) and the Court having considered the argument of the creditor's attorney and being otherwise fully advised in the premises does hereby find the following:

Creditor Zemon filed his proof of claim with the Clerk of the Court as an unsecured claim prior to the bar date set by this Court. After attending the § 341 Meeting of Creditors, creditor Zemon's attorney met with the Trustee and his attorney to discuss an action to set aside the debtor's claim of exemption with regard to a pension plan. When the Trustee and his attorney indicated that they would not pursue an Objection to Claimed Exemption against the pension plan, the creditor instructed his own attorney to file an objection. The Court did not approve the creditor's action to pursue the objection.

Creditor Zemon's attorney successfully litigated the Objection to Claimed Exemption by recovering $6,484.55 for the benefit of the estate from the debtor's pension plan. However, in pursuing the pension plan money, creditor Zemon incurred $5,022.50 in attorney's fees and expenses. Creditor Zemon argues that 11 U.S.C. § 503(b)(3)(B) and (b)(4) authorize the reimbursement of attorney's fees and expenses incurred by him when he pursued the Objection to Claimed Exemption.

In some circumstances, the Bankruptcy Code provides for payment of administrative expenses to a creditor for fees and expenses incurred by him through his attorney. Reimbursement to the creditor for attorney's fees and expenses is governed by 11 U.S.C. § 503(b)(3) and (b)(4). 11 U.S.C. § 503(b)(3)(B) states that there can be reimbursement for "the actual, necessary expenses, other than compensation and reimbursement specified in paragraph (4) of this subsection, incurred by a creditor that recovers, after the Court's approval, for the benefit of the estate any property transferred or concealed by the debtor...." If the expenses of the creditor's attorney are not allowable under 11 U.S.C.

§ 503(b)(3), then the fees are not allowable under 11 U.S.C. § 503(b)(4) which states that there· may be "reasonable compensation for professional services rendered by an attorney ... of an entity whose expenses are allowable under paragraph 3 of this subsection...." Therefore, the test for payment of the attorney's fees incurred by creditor Zemon is found in 11 U.S.C. § 503(b)(3)(B).

From the plain language of the code, this Court cannot authorize reimbursement to creditor Zemon for attorney's fees and expenses incurred in litigating the Objection to Claimed Exemption. The primary reason for denying reimbursement is that creditor Zemon failed to obtain this Court's approval to recover property for the benefit of the estate as required by 11 U.S.C. § 503(b)(3)(B). Although a few courts have allowed attorney's fees where the Court has not previously approved the attorney's appointment (*Carpenter v. Valley Wholesale Building Products (In re Carpenter)*, 56 B.R. 704, 707 (Bankr. D.R.I.1986) and *In re Rumpza*, 54 B.R. 107, 109 (Bankr.D.S.D.1985)) generally courts decline to award fees unless the Bankruptcy Code specifically authorizes payment and the attorney has fully complied with all conditions precedent to receiving reimbursement. *In the Matter of Romano*, 52 B.R. 590, 593 (Bankr.M.D.Fla.1985) and *In the Matter of Spencer*, 35 B.R. 280, 281 (Bankr.N.D.Ga.1983).

Creditor Zemon did not seek this Court's approval prior to proceeding forward on the Objection to Claimed Exemption and the "mere benefit to the estate by an action of an applicant is insufficient grounds for reimbursement of expenses." *Spencer*, 35 B.R. at 282. Although the litigation of the pension plan's exemption status succeeded in bringing money into the estate that the trustee did not plan to pursue, the increase in the estate's assets benefited creditor Zemon as well since all assets brought into the estate increase the amount of distribution to all creditors at the close of the case. Therefore, the employment of an attorney to pursue possible assets of the case could be considered a future investment for the creditor.

Additionally, even if the Court were to exercise discretion and consider allowing reimbursement notwithstanding it had not approved the attorney to proceed with an objection, reimbursement would have to be denied on other grounds. As previously mentioned, 11 U.S.C. § 503(b)(3)(B) permits reimbursement for the recovery of "property transferred or concealed by the debtor." The pension plan money found by the Court to be non-exempt was neither property transferred nor concealed by the debtor. When the debtor listed the pension plan as an exempt asset, he apparently relied on his own interpretation of .when pension plans are exempt property. Even the trustee and his attorney did not view the debtor's exempt classification as an error. It certainly was not obvious to this Court that part of the pension plan was non-exempt since this Court conducted its own in depth research to make such a determination. Therefore, the debtor did not transfer or conceal the property in the ordinary sense of those terms. Based on the foregoing, it is:

ORDERED AND ADJUDGED that Creditor Zemon's Application for Reimbursement of Attorney's Fees is hereby denied.