**In re Irving Zookie ANTAR and Margie Antar, Debtors.**

**Bankruptcy No. 89–00512–BKC–AJC.**

United States Bankruptcy Court, S.D. Florida.

Sept. 10, 1990.

Arthur C. Neiwirth, for Creditors Tromer.

Reggie David Sanger, Fort Lauderdale, for debtors.

Jack F. Weins, Hollywood, Fla., for Trustee.

## MEMORANDUM OPINION APPROVING APPLICATION FOR ATTORNEYS' FEES FOR COUNSEL FOR CREDITOR PURSUANT TO 11 U.S.C. SECTION 503(b)

A. JAY CRISTOL, Bankruptcy Judge.

THIS MATTER came before the Court on August 27, 1990 upon the Application for compensation of ARTHUR C. NEIWIRTH, ESQUIRE, counsel for the Creditors Larry and Roslyn Tromer pursuant to 11 U.S.C. Section 503(b). The Application of Attorney Neiwirth requests this Court to award fees and reimburse costs for services rendered as counsel for the TROMERS and for performance of services which would otherwise have been undertaken by the Trustee and her counsel, said services benefitting the Estate.

This memorandum opinion shall constitute findings of fact and conclusions of law as deemed appropriate. This Court is quite familiar with this case, same having been brought before it on many occasions both with relation to an adversary proceeding being prosecuted by the TROMERS pursuant to 11 U.S.C. Section 727 as well as motions by the Trustee to recover assets of the Debtor estate.

It is undisputed that at the time of the initial filing, the Schedules in this case failed to disclose any entitlement of the Debtor, IRVING ZOOKIE ANTAR to receive a distribution from the probate estate of his mother, TERA ANTAR. The Trustee had no notice or knowledge of this entitlement until same was brought to the attention of her counsel by the former State Court counsel for the Creditors TROMER. The TROMERS attended the 2004 Examination of the Debtors and reiterated that the Debtor, IRVING ZOOKIE ANTAR was entitled to distribution from his mother's probate estate and requested the Trustee to further pursue and inquire concerning that potential asset which was not listed.

At the 2004 Examination by the Trustee, Mr. Antar testified that his mother died in December 1987 leaving no Will and that no probate proceedings were commenced with respect to her estate. The Debtor further stated that his mother had then placed all of the assets in joint ownership with the Debtor's oldest brother, thus avoiding any probate proceedings when the mother died. (See Exhibit "A", May 30, 1989 letter of counsel for the Trustee to former State Court counsel for Creditor TROMER.) Counsel for the Trustee further stated in the same May 30, 1989 letter that he must assume the Debtor was telling the truth since verification of probate proceedings are relatively simple, and that unless the Trustee was furnished some tangible evidence of hidden assets, the Trustee would have no alternative but to file a Report of No Distribution and eventually close out the case on that basis.

The TROMERS persisted in attempting to obtain more information, and to that extent their son visited the Probate Court in New York to obtain some copies of probate proceedings, and the TROMERS then hired the Applicant herein, a bankruptcy practitioner, to represent them and to pursue appropriate causes of action within this Bankruptcy Proceeding.

The record discloses that at the time Mr. Neiwirth was retained on behalf of the TROMERS, a deadline for filing a Complaint to Deny Discharge on behalf of said Creditors was fast approaching, the deadline for the Trustee to file same having already passed. Based upon the foregoing facts, Attorney Neiwirth prepared and filed an Adversary Complaint pursuant to 11 *U.S.C.* Section 727(a)(4) and other sections to deny discharge with relation to the foregoing fact situation. Further, said counsel obtained exemplified copies of the probate proceedings from the Surrogate Court in New York, and tendered same to the Trustee's counsel.

Shortly after the Complaint was filed, counsel for the TROMERS contacted counsel for the Trustee and inquired as to whether or not the Trustee desired to intervene in the pending cause of action. On October 17, 1989, counsel for the Trustee responded by stating that he was uncertain as to whether the Trustee's intervention would really serve any purpose because "... she would simply be asserting the same cause of action that you are asserting on behalf of Mr. and Mrs. Tromer. It would only serve to involve additional time on my part for which I must ultimately seek compensation thus reducing the funds available for distribution to creditors". (Exhibit "C" October 17, 1989 letter of the Trustee's counsel to Attorney Neiwirth). The letter further states that unless there is some other basis for the Trustee to intervene, she will not do so. It additionally requested counsel for the TROMERS to copy counsel for the Trustee on all pleadings, correspondence, etc., so that they can generally follow the progress.

Counsel for the TROMERS has actively prosecuted the 727 cause of action, including but not limited to having amended said Complaint when it was determined that a partial distribution of $60,000.00 was made from the probate estate of the Debtor's mother and that the portion to which, under New York Intestacy Law, the Debtor was entitled to receive was transmitted by wire transfer directly from the Probate Estate's representative to the daughter of the Debtor. It has been estimated by the Trustee's counsel that approximately $50,-000.00 more will be brought into the estate pursuant to the Debtor's interest in his mother's probate estate.

■ The Code is quite clear that to the extent a creditor has performed a service which has conferred a benefit upon the Estate, that Creditor would be entitled to an Administrative Claim to recover the costs and expenses attendant to rendering that benefit. However, 11 *U.S.C.* Section 503(b)(3)(B) does impose an obligation to apply to the Court for authority to undertake any action for which an administrative expense allowance will be requested prior to undertaking said activity. Apparently, the Code presupposes that a creditor, using due diligence and working within the time limits and restrictions imposed by 11 *U.S.C.* will ordinarily have the luxury and the leisure of filing pleadings prior to being required to undertake causes of action before the expiration of deadlines. Unfortunately, in practicality, this concept is not always viable.

■ This Court must deal with two aspects of the Code in order to determine the allowance of compensation to counsel for the Creditors TROMER; first whether or not the attorneys' fees and costs requested relating to the uncovering of the assets are allowable as an administrative priority pursuant to 11 *U.S.C.* Section 503(b); and second whether or not the attorneys' fees and costs requested relative to the prosecution of an 11 *U.S.C.* Section 727 action to revoke and/or deny discharge is recoverable.

This district has previously dealt with reimbursement of creditors attorneys' fees under similar circumstances in the matter of *In re George*, 23 B.R. 686 (Bkrtcy, S.D. Fla., 1982). In that case, a creditor's attorney had applied to the Court for reimbursement for services and expenses incurred with relation to the determination of undisclosed assets, recovery of same and prosecution of a cause of action under Section 727 to deny the Debtor's discharge. In that case, counsel for the creditor did not receive prior Court approval or authority to

prosecute said cause of action with the attendant permission to claim an administrative expense pursuant to Section 505(b)(3)(B). However, Judge Britton retroactively approved the actions of the creditor and his counsel and held that their efforts contributed to a substantial recovery of property and the successful prosecution of a 727 action to deny discharge. Judge Britton determined that the benefit conferred upon these creditors, though only a 5% dividend as a result of the creditor's efforts, was 5% more than the creditors would have received otherwise and that the creditors further retained all causes of action against the Debtors since the creditors' counsel was successful in denying the discharge of the Debtor.

A later case, *In re Rumpza*, 54 B.R. 107 (Bkrtcy., S.D., 1985), allowed a creditor's attorney who had not received prior court approval to recover as an administrative expense fees and costs where said creditor was instrumental in the discovery of concealed assets and prosecuted a cause of action objecting to discharge, even though the objection to discharge was unsuccessful.

The *Rumpza* case is similar to the current case in and that counsel for a creditor informed the Trustee of various irregularities in the Debtor's Schedules including omitted property and counsel for said Creditor commenced a Complaint Objecting to the Discharge which the Trustee then joined. However, in this case as in the instant case before this Court, counsel for the Creditor did not obtain prior court approval.

This Court has always been concerned that the integrity of this Court be maintained and that it is the responsibility of every practitioner before it to insure that for a Debtor to receive the benefit of the protections and rights conferred upon him by the Bankruptcy Code, a Debtor comply and perform any and all duties and obligations imposed upon him. The Court personnel as well as the Trustees are strained by an unusually heavy case load and extensive burdens imposed in the processing of all of the cases. This Court realizes that it is not always possible for a Trustee and/or a Trustee's counsel to investigate each and every statement made by creditors in a Bankruptcy proceeding without additional information in an attempt to conserve the resources and energies so as to enable the prosecution and handling of the extensive case load in this District.

However, this Court also realizes that a viable alternative available to this Court and the Trustees is to welcome the assistance of creditors who are willing to undertake the burden, financially and otherwise, of investigating the financial affairs of the debtor for the purposes of uncovering undisclosed assets as well as prosecuting causes of action which maintain the integrity of this Court. To not allow, under the appropriate circumstances, creditors and their counsel to recover fees and costs incurred and paid with relation to this investigation and prosecution of action would have a chilling effect upon creditor participation within a bankruptcy proceeding.

This Court is aware that not every instance and circumstance should warrant a retroactive allowance and authorization for counsel fees for a creditor's counsel pursuant to 11 U.S.C. Section 503(b), but the appropriate circumstances exist in this proceeding for the allowance of same upon a retroactive basis.

This Court, upon reviewing the Application of Attorney Neiwirth, counsel for the Creditors TROMER and Attorney Weins, counsel for the Trustee, finds that the rates being charged by Attorney Neiwirth are 25% less than those of counsel for the Trustee and are therefore quite reasonable and that the time and expenses requested are fair and reasonable under the circumstances. Additionally, the Bankruptcy Estate has recovered an asset with an approximate value of $100,000.00 which was not listed in the Schedules and which Creditors TROMER and their counsel were instrumental in uncovering.

In light of the foregoing, and after having considered all the factors enumerated *In re Colonial Corp. of America*, 544 F.2d 1291 (5th Cir.1977), this Court determines that Arthur Neiwirth shall be allowed fees

in the amount of $7,755.00 and a reimbursement of costs in the amount of $576.97 for a total sum of $8,331.97, said sum to be paid by the Trustee upon this Order becoming final and unappealable.

DONE AND ORDERED.