**In re Jose Joaquin CONTY, Debtor.**

**Bankruptcy No. 95–01381–6B7.**

United States Bankruptcy Court,
M.D. Florida,
Orlando Division.

Nov. 6, 1996.

Randy Freeman, Ocoee, FL, for Debtor.

Leigh R. Meininger, Orlando, FL, for Trustee.

### MEMORANDUM OPINION

ARTHUR B. BRISKMAN, Bankruptcy Judge.

This matter came before the Court on Michael Presutti's Request for Expenses (Doc. 54), Amended Request for Expenses (Doc. 59) and Trustee's Objection to Request for Payment of Expenses (Doc. 55). Appearing before the Court were Michael Presutti; Leigh Meininger, attorney for the Chapter 7 Trustee; and C. Randall Freeman, attorney for the Debtor, Jose Joaquin Conty. After reviewing the pleadings, evidence, exhibits, arguments of counsel, and authorities for their respective positions, the Court makes the following Findings of Facts and Conclusions of Law.

### FINDINGS OF FACT

The Debtor, Jose Joaquin Conty ("Conty"), filed for relief under Chapter 7 of the Bankruptcy Code, 11 U.S.C. § 101 *et seq.* on March 24, 1995. Conty is an independent contractor who sold cellular telephone service through Conty Communications Inc. ("CCI"),

an authorized agent of BellSouth Mobility Inc. ("BellSouth"). CCI was involuntarily dissolved in 1993 and Conty continued to operate the business. Conty established a new corporation, Conty Communications of Orlando, Inc. ("CCO") in 1995 which replaced CCI as an authorized agent for BellSouth.

BellSouth owed CCI $11,717.50. Michael Presutti ("Presutti") filed a Writ of Garnishment action prepetition in state court and a final judgment awarded him the writ against BellSouth on March 9, 1995. Conty claimed the funds due to CCI from BellSouth as exempt upon filing for bankruptcy pursuant to art. X, § 4(a)(2) of the Constitution of the State of Florida and Section 222.06 of the Florida Statutes.

Conty filed an Emergency Motion on May 10th to Extinguish the Writ of Garnishment pursuant to § 362(a) of the Bankruptcy Code which Presutti opposed. The Chapter 7 Trustee, his attorney Leigh Meininger, and Presutti objected to the property being claimed as exempt. The Court determined the funds owed and held by BellSouth were property of the estate and the writ of garnishment was effectively extinguished on June 1, 1995. The Chapter 7 Trustee, stepping into the shoes of Conty, took over responsibility of the dissolved corporation as its remaining director.

Presutti filed a Motion to Reconsider the Court's Order Sustaining Debtor's Emergency Motion to Extinguish Writ of Garnishment on June 9, 1995. Presutti's motion was denied on August 3rd and Conty's Motion to Extinguish the Writ of Garnishment was granted. The Trustee and Presutti's objections to the property claimed as exempt were sustained. Conty filed a Motion for Rehearing on the Court's Order Sustaining Objections to Exemptions and on November 21, 1995 the Court held that the Objections to Exemption remained sustained. The funds owed and held by BellSouth in the amount of $11,717.50 were held to be non-exempt and property of the estate.

Presutti's Request for Payment of Expenses (Doc. 54) filed February 9, 1996 and his Amended Request for Payment of Expenses (Doc. 59) state that Presutti's success

in obtaining the Writ of Garnishment prepetition in state court benefitted the bankruptcy estate as its sole asset. Presutti retained legal assistance to oppose Conty's Motion to Extinguish the Writ of Garnishment and to object to the garnishment fund's claim by Conty as exempt. Presutti did not obtain the Court's permission prior to acting in the bankruptcy case. Presutti argues that he has performed services which have benefitted the estate and is entitled to reimbursement for expenses and attorney's fees under § 503(b) of the Bankruptcy Code.

The Trustee's Objection to Request for Payment of Expenses (Doc. 55) states that the Trustee never requested Presutti's actions in the bankruptcy proceeding. The Trustee also argues that Presutti's actions do not meet the requirements of § 503(b).

### CONCLUSIONS OF LAW

Section 726 instruct that in a Chapter 7 liquidation the corpus of the estate is distributed according to the priorities of § 507. Section 726 provides in relevant part:

(a) Except as provided in section 510 of this title, property of the estate shall be distributed—

(1) first, in payment of claims of the kind specified in, and in the order specified in, section 507 of this title;

.    .    .    .    .

11 U.S.C. § 726. Section 507 directs that first priority is given to administrative expenses:

(a) The following administrative expenses and claims have priority in the following order:

(1) First, administrative expenses allowed under section 503(b) of this title, and any fees and charges assessed against the estate under chapter 123 of this title 28.

.    .    .    .    .

11 U.S.C. § 507. Section 503 defines administrative expenses as including "the actual, necessary costs of preserving the estate" as well as postpetition taxes and penalties associated with those taxes:

(a) An entity may file a request for payment of an administrative expense.

(b) After notice and a hearing, there shall be allowed, administrative expenses, other than claims allowed under section 502(f) of this title, including—

(1)(A) the actual, necessary costs, and expenses of preserving the estate, including wages, salaries, or commissions for services rendered after the commencement of the case;

(B) any tax—

(i) incurred by the estate, except a tax of a kind specified in section 507(a)(8) of this title; or

(ii) attributable to excessive allowance of a tentative carryback adjustment that the estate received, whether the taxable year to which such adjustment relates ended before or after commencement of the case; and

(C) any fine, penalty, or reduction in credit relating to a tax of a kind specified in subparagraph (B) of this paragraph;

(2) compensation and reimbursement award under section 303 of this title;

(3) the actual, necessary expenses, other than compensation and reimbursement specified in paragraph (4) of this section, incurred by—

(A) a creditor that files a petition under section 303 of this title;

(B) a creditor that recovers, after the court's approval, for the benefit of the estate any property transferred or concealed by the debtor;

.    .    .    .    .

(4) reasonable compensation for professional services rendered by an attorney or an accountant of an entity whose expense is allowable under paragraph (3) of this subsection, based on the time, the nature, the extent, and the value of such services, and the cost of comparable services other than in a case under this title, and reimbursement for actual, necessary expenses incurred by such attorney or accountant; . . . . .

11 U.S.C. § 503.

■ Applicable law requires that a creditor receive court approval prior to seeking

actual, necessary expense connected with the estate's recovery of property transferred or concealed by the debtor. 11 U.S.C. § 503(b)(3)(B) *see In re Spencer,* 35 B.R. 280 (Bankr.N.D.Ga.1983). Presutti filed the writ of garnishment action prepetition. His post-petition objection to the Debtor's claim of the funds as exempt was made without prior court approval. Presutti never sought to obtain the Court's approval to undertake the action for and on behalf of the estate. Presutti's actions were not connected to any property transferred or concealed by the Debtor. *In re Monahan,* 73 B.R. 543, 544 (Bankr.S.D.Fla.1987). Even though, Presutti's action were instrumental in the estate's recovery of funds from the writ first obtained by Presutti prepetition, Presutti fails to meet the requirements set forth in § 503(b)(3)(B). *In re Monahan,* 73 B.R. at 543–44.

 Section 503(b)(4) states that there may be reasonable compensation for professional services rendered by an attorney or accountant. Reimbursement under this subsection is contingent upon the applicant's first obtaining approval from the Court for action taken in the bankruptcy proceeding. *In re Monahan,* 73 B.R. at 543 *see In re Romano,* 52 B.R. 590, 593 (Bankr.M.D.Fla. 1985), *In re Spencer,* 35 B.R. at 281. Presutti's action in state court for the writ of garnishment was prepetition and therefore not reimbursable under § 503. His objection to the Debtor's claim of the funds as exempt was not made with Court permission. The mere benefit to the estate is insufficient grounds for reimbursement under § 503.

■ When the language of the statute is plain, the inquiry ends with the language of the statute. Section 503 provides for the allowance of administrative expenses in certain situations. The Bankruptcy Code's Rules of Construction expressly states that the words "includes" and "including" are not limiting. 11 U.S.C. § 102(3). Section 503 is not necessarily exhaustive, but rather illustrative. *Varsity Carpet Serv. Inc. v. Richardson* 19 F.3d 1371, 1377 (11th Cir.1994). Judicial construction may permit other claims to be reasonably demonstrated "actual, necessary" costs of administration; however, there is no provision in § 503 for the recovery of expenses incurred specifically by a creditor in a bankruptcy case under Chapter 7, 12, or 13.

■ Section 503 priorities should be narrowly construed to maximize the value to the estate and the benefit to all creditors. *Id.* The Court must strike a balance between these two goals. The presence of § 503(b)(3)(D) allowing such expenses under Chapter 9 or 11 illustrates that Congress expressly chose not to include those other chapters in § 503. A determination by the Court that Chapter 7 was included in § 503(b)(3)(B) would render it meaningless. Any inequities may be addressed by Congress and not the courts. *Taylor v. Freeland & Kronz,* 503 U.S. 638, 645–46, 112 S.Ct. 1644, 1649, 118 L.Ed.2d 280 (1992).

Presutti has not proven that his Writ of Garnishment action prepetition, his opposition to the Debtor's Motion to Extinguish the Writ, nor his Objection to the Debtor's claim of the funds as exempt satisfy any of the provisions in § 503. As a result, the relief sought by Presutti, under 11 U.S.C. § 503 is due to be denied.