## In re BECK RUMBAUGH ASSOCIATES, INC.

### Civ. A. No. 87–826.
### Bankruptcy No. 85–00917 S.

United States District Court,
E.D. Pennsylvania.

March 25, 1988.

**370**

Fred Lowenchuss, Philadelphia, Pa., for Robert Rumbaugh.

Edward DiDonato, Paul J. Winterhalter, Philadelphia, Pa., for trustee.

MEMORANDUM and ORDER

SHAPIRO, District Judge.

On March 13, 1985, Beck–Rumbaugh Associates, Inc. ("Beck–Rumbaugh") filed for bankruptcy under Chapter 7 of the Bankruptcy Code, 11 U.S.C. § 701 *et seq.* The action was assigned to the Honorable William A. King, Jr. as Bankruptcy Case No. 85–00917K. Anthony Barone was appointed as Trustee; the law firm of Ciardi, Fishbone & DiDonato ("Ciardi") was appointed counsel for the Trustee. Now before this court is an appeal from the Bankruptcy Court's ruling awarding interim fees to counsel for the Trustee of debtor Beck–Rumbaugh. On March 15, 1986, Robert Rumbaugh ("Rumbaugh"), a 49% shareholder and creditor of Beck–Rumbaugh, moved to dismiss the bankruptcy proceeding.[1] After Judge King denied the motion to dismiss, Rumbaugh appealed to this court; the appeal was docketed as Civil Action No. 85–4233. By Order dated September 10, 1985, this court granted a motion by the Trustee to dismiss the appeal.

On March 19, 1986, the Trustee filed an application for interim counsel fees for Ciardi in the amount of $24,565.29; Rumbaugh objected. On May 8, 1986, after a hearing held May 7, 1986, Judge King entered an order granting Ciardi $23,997.29 in interim fees. That order was appealed to this court as Civil Action No. 86–3604. By Order dated August 18, 1986, this court remanded the matter to the Bankruptcy Court for findings of fact in support of the award. Fred Lowenschuss, Esquire ("Lowenschuss"), counsel for Rumbaugh, then filed an application for interim attorney's fees in the amount of $52,779.75.

Ciardi's award and Lowenschuss's application for fees were subsequently considered by the Honorable David A. Scholl. A hearing was held October 14 and 15,

---

1. Rumbaugh is a judgment creditor of Norman H. Beck, owner of the remaining 51% of Beck–Rumbaugh Associates, Inc. *See Rumbaugh v. Beck, et al.,* No. 79–3849 (E.D.Pa. July 27, 1987) (Hannum, J.) [available on WESTLAW, 1987 WL 14853], *aff'd,* 841 F.2d 1120 (3d Cir.1987) (mem). If Rumbaugh executes on the judgment against Beck, he must surrender his 49% ownership of Beck–Rumbaugh. *Id.* Because Rumbaugh also is a judgment creditor of Beck–Rumbaugh, execution of his judgment against Beck does not alter his status as a creditor in this bankruptcy proceeding.

1986. On January 12, 1987, 68 B.R. 882, Judge Scholl issued an opinion and order awarding Ciardi interim fees of $18,073.50 and denying Lowenschuss's application. Lowenschuss then brought the instant appeal. This court denied the Trustee's motion to dismiss the appeal and heard argument on the merits of the appeal.

This court reviews findings of fact by the Bankruptcy Court under a clearly erroneous standard. *In Re Morrissey*, 717 F.2d 100, 104 (3d Cir.1983). Whether certain legal services are necessary and reasonable is a factual finding. *See In Re Meade Land and Development Co.*, 527 F.2d 280, 282 n. 1 (3d Cir.1975). This court exercises plenary review over legal findings. *Ram Construction Co. v. American States Insurance Co.*, 749 F.2d 1049, 1052–53 (3d Cir.1984). Nevertheless, Lowenschuss argues that this court should review this entire matter *de novo* because of alleged personal animosity between Judge Scholl and Lowenschuss.

In a proceeding before Judge Scholl was appointed to the bench, in which Judge Scholl and Lowenschuss were opposing counsel, Lowenschuss questioned Judge Scholl's advice to a client, accused him of "abuse of the bankruptcy system and our legal system," and suggested bringing these changes to the attention of the Judges of the Third Circuit and Eastern District of Pennsylvania for their consideration regarding the propriety of Judge Scholl's appointment.

At oral argument, Lowenschuss admitted that he was concerned about possible bias when the action was assigned to Judge Scholl on remand. However, he did not advise his client to file an affidavit of recusal under 28 U.S.C. § 144. Had this been done, Judge Scholl presumably would have recused. Lowenschuss now contends that Judge Scholl's bias became apparent at the hearing on interim fees and in the opinion awarding interim fees. He argues that, because personal animus influenced both Judge Scholl's decision to award fees to Ciardi and his decision to deny fees to Lowenschuss, this court should review the bankruptcy court's rulings *de novo*.

■ Allegations of judicial bias must be considered carefully and with an abundance of caution. Courts should err to avoid even the appearance of partiality. *See* Code of Judicial Conduct, Canon 2. Title 28 U.S.C. § 455(a) requires a judge's recusal "in any proceeding in which his impartiality might *reasonably* be questioned." (emphasis added). However, Judge Scholl found that Lowenschuss was not entitled to interim fees as a matter of law as to which this court's review is plenary anyway. This court agrees that Lowenschuss is precluded by law from the recovery of interim fees by the provision of Section 503 of the Bankruptcy Code. Therefore, there is no need to decide whether *de novo* review of Judge Scholl's findings of fact is warranted. On this limited record, the court should neither accept nor reject the Lowenschuss allegations.

■ Section 503(b)(3)(D) authorizes interim fees for a creditor who makes "a substantial contribution in a case under Chapter 9 or 11 of [the Bankruptcy Code]." The Bankruptcy Code is a comprehensive statute containing a "carefully articulated system of administration and distribution." *In re UNR Industries*, 736 F.2d 1136, 1141 (7th Cir.1984). This system specifically authorizes interim fees for creditors in Chapter 9 and 11 proceedings; no such specific authorization exists for Chapter 7 proceedings. Because of the absence of such a Congressional directive, creditor Rumbaugh's attorney, Lowenschuss, cannot recover interim fees in the case at bar.

■ There is no reason to believe that personal bias, even if it existed, influenced Judge Scholl's award of fees to Ciardi in an amount less than that originally approved by Judge King. The possibility that determination of Ciardi's fees was influenced by Judge Scholl's purported bias against Lowenschuss is so remote that it does not justify departure from the usual limited appellate review.

Judge Scholl conducted a two-day hearing after this court's remand. Ciardi and Lowenschuss were permitted ample opportunity to introduce evidence; they and

counsel for the debtor were able to cross-examine opposing witnesses. Judge Scholl made careful and detailed findings of fact that resulted in a reduction in the fees awarded by Judge King. These findings were not clearly erroneous. The award of interim fees to Ciardi in the amount of $18,073.50 is affirmed.

Lowenschuss also contends that Judge Scholl improperly granted Ciardi leave to request compensation for litigation of the fee application. Judge Scholl noted the general rule that such compensation is not recoverable but found that "extraordinary" circumstances warranted departure from the general rule. *See* Order of Judge Scholl dated January 12, 1987 at p. 20. No amount has yet been awarded. Presumably, fees will be awarded only for the additional time occasioned by the extraordinary circumstances, and not for the time that would ordinarily have been expended on a fee application. Review of any such fee award, and any other fee award, is appropriate at the conclusion of the bankruptcy proceedings. The total amount awarded must then be reviewed in regard to the benefit to the debtor estate rendered by counsel for the Trustee.

At oral argument the parties conceded that interim fee awards are re-evaluated when final fees are awarded. *See also* 2 Collier on Bankruptcy at 331–9 (1985) ("interim allowances are always subject to the [bankruptcy] court's re-examination and adjustment during the course of the case as all expenses and administration must receive the court's final scrutiny and approval."). At its conclusion, there is a right of appeal to this court of all matters in the bankruptcy. In light of the availability of appellate review at the conclusion of the bankruptcy, interlocutory appeals should be carefully considered and should be taken only when the disputed issue threatens to taint further proceedings in the bankruptcy. Judicial resources are preserved when the court can consider all disputed issues in a single appeal on a final, fully-developed record.

ORDER

AND NOW, this 25th day of March, 1988, it is ORDERED that the Order of the Bankruptcy Court awarding interim counsel fees of $18,073.50 to counsel for the Trustee and denying interim fees to counsel for creditor Rumbaugh is AFFIRMED.