**In re Wademan PETERSON and Janice Kay Peterson, Debtors.**

**UNITED STATES TRUSTEE, Appellant,**

v.

**FARM CREDIT BANK OF OMAHA, Appellee.**

Civ. 92–4168.

United States District Court, D. South Dakota, S.D.

Feb. 8, 1993.

Charles L. Nail, Jr., Asst. U.S. Trustee, Bruce J. Gering, Atty. Advisor, Sioux Falls, SD, for appellant.

David Nadolski, Sioux Falls, SD, for appellee.

*MEMORANDUM OPINION AND ORDER*

JOHN B. JONES, Chief Judge.

### Introduction

The United States Trustee appeals the bankruptcy court's Memorandum Decision of October 2, 1992, 145 B.R. 631. The United States Trustee contends that there is no authority in the Bankruptcy Code to support the bankruptcy court's award of compensation for services rendered, and reimbursement for expenses incurred, by an attorney for a creditor in a Chapter 12 case. The Court agrees and for the following reasons reverses the judgment of the bankruptcy court.

### Jurisdiction

This Court takes jurisdiction over this matter pursuant to 28 U.S.C. § 158(a).

### Standard of Review

This Court reviews the bankruptcy court's legal conclusions *de novo*, while

findings of fact are upheld unless clearly erroneous. *Wegner v. Grunewaldt*, 821 F.2d 1317, 1320 (8th Cir.1987).

### Background

On March 30, 1987, Debtors filed a joint petition for relief under Chapter 12 of the Bankruptcy Code. Debtor's Chapter 12 Plan was confirmed on June 7, 1988. On June 25, 1991, Debtors filed a Final Account and Report and Final Exit Report. Appellee, Farm Credit Bank of Omaha ("FCBO"), and the Chapter 12 Trustee filed objections to discharge. No other creditor filed timely objections to the Chapter 12 Discharge. No objections to discharge were filed by the United States Trustee.

Although not requested to do so by the Chapter 12 Trustee, FCBO actively participated in resisting Debtors' discharge. In preparation for the hearing on the objections to discharge, FCBO served debtors with a Subpoena Duces Tecum for the production of certain documents relating to Debtors' farming operation. The hearing on objections to discharge was continued by the bankruptcy court to enable the parties to conduct discovery. A Bankruptcy Rule 2004 examination was conducted and the only parties appearing at this examination were FCBO, Debtors, and the Chapter 12 Trustee.

In an attempt to calculate the actual amount of Debtors' net disposable income during the life of the plan, FCBO reviewed relevant financial data it obtained from the Debtors, which involved considerable time and effort on FCBO's part. The Debtors subsequently filed and served an Amended Final Exit Report. Following negotiations, a court-approved Compromise and Settlement Agreement was entered into by the parties. Under this agreement, Debtors agreed to pay the Chapter 12 Trustee $19,000, which was to be disbursed to administrative claimants and creditors with unsecured claims.

FCBO then filed a fee application as an administrative claim pursuant to 11 U.S.C. § 503 seeking compensation for its efforts. The application requested $13,166.35 as

compensation.[1] Over the objections of the United States Trustee and the Farmers Home Administration, the bankruptcy court approved the fee application.

### Discussion

■ This appeal involves an interpretation of 11 U.S.C. § 503(b). That section provides for the allowance of administrative expenses.

"The task of resolving the dispute over the meaning of [the statute] begins where all such inquiries must begin: with the language of the statute itself." *United States v. Ron Pair Enters., Inc.*, 489 U.S. 235, 241, 109 S.Ct. 1026, 1030, 103 L.Ed.2d 290 (1989). And when the language of the statute is plain, the inquiry also ends with the language of the statute, for in such instances "the sole function of the courts is to enforce [the statute] according to its terms". *Id.* (quoting *Caminetti v. United States*, 242 U.S. 470, 485, 37 S.Ct. 192, 194, 61 L.Ed. 442 (1917)).

The plain meaning of a statute is decisive, "except in the rare cases [in which] the literal application of a statute will produce a result demonstrably at odds with the intentions of its drafters." *Ron Pair*, 489 U.S. at 242, 109 S.Ct. at 1031 (quoting *Griffin v. Oceanic Contractors, Inc.*, 458 U.S. 564, 571, 102 S.Ct. 3245, 3250, 73 L.Ed.2d 973 (1982)). The Supreme Court, as well as the Eighth Circuit, has consistently applied the plain meaning rule in cases arising under the bankruptcy code. *Patterson v. Shumate*, —— U.S. ——, ——, 112 S.Ct. 2242, 2247, 119 L.Ed.2d 519 (1992); *Toibb v. Radloff*, —— U.S. ——, —— —— ——, 111 S.Ct. 2197, 2199–2200, 115 L.Ed.2d 145 (1991); and *In re Juhl Enters., Inc.*, 921 F.2d 800, 803 (8th Cir.1990).

■ Section 503(b) provides that the allowance for administrative expenses includes expenses related to specific activities. The Bankruptcy Code's Rules of Construction expressly states that the words " 'includes' and 'including' are not limiting". 11 U.S.C. § 102(3). Based on this

---

**1.** As noted by the bankruptcy court, this amount    is approximately 70% of the $19,000 recovered.

language, the Court agrees that the specified activities listed under § 503(b) are not the only activities which may qualify as compensable administrative expenses.

Section 503(b)(3)(D) states that among the expenses which may be recovered are those incurred by "a creditor, ... in making a substantial contribution in a case under chapter 9 or 11 of this title". However, there is no provision in § 503 for the recovery of expenses incurred by a creditor in a bankruptcy case under Chapter 7, 12, or 13.

In the absence of § 503(b)(3)(D) the Court might be persuaded that a creditor who performs the activities undertaken by FCBO in this matter would be entitled to compensation for those efforts on the basis that the use of the word "including" in § 503(b) is not limiting. But the presence of subsection (3)(D) to § 503(b) casts an entirely different light on the analysis of the statute.

While Chapter 12 had not yet been drafted or considered by Congress when the original version of § 503(b)(3)(D) was promulgated, Chapters 7 and 13 were in existence at that time and Congress expressly chose not to include those Chapters in § 503(b)(3)(D).[2] Although the parties speculate as to the reasons why Congress did not include the other bankruptcy chapters in § 503(b)(3)(D), the Court is not going to engage in speculation and attempt to divine congressional wisdom. For whatever reason, Congress chose not to include reference to those other chapters in § 503(b)(3)(D).

The ruling of the bankruptcy court in this case has effectively rewritten § 503(b)(3)(D) to include Chapter 12. While this may be an equitable result based on the efforts of FCBO in this case, the Supreme Court has explicitly stated "that whatever equitable powers remain in the bankruptcy courts must and can only be exercised within the confines of the Bank-

ruptcy Code." *Norwest Bank Worthington v. Ahlers*, 485 U.S. 197, 206, 108 S.Ct. 963, 969, 99 L.Ed.2d 169 (1988). The authority to address any inequities which may be present in the application of the plain meaning rule to § 503(b) is vested in Congress, not the courts. *Taylor v. Freeland & Kronz*, — U.S. —, —, 112 S.Ct. 1644, 1649, 118 L.Ed.2d 280 (1992).

Moreover, the bankruptcy court's ruling would render subsection (3)(D) of § 503(b) meaningless. As the United States Trustee points out, if a creditor who makes a substantial contribution in a Chapter 12 proceeding is entitled to compensation for its expenses under § 503(b), the phrase "in a case under Chapter 9 or 11 of this title" in subsection (3)(D) would be merely excess verbiage.[3] It is a well established tenet of statutory construction that a statute will not be interpreted so as to render other provisions of the same enactment superfluous. *Freytag v. Comm'r*, — U.S. —, —, 111 S.Ct. 2631, 2638, 115 L.Ed.2d 764 (1991); *Conway County Farmers Ass'n v. United States*, 588 F.2d 592, 598 (8th Cir. 1978).

Literal application of the statute's language does not "produce a result demonstrably at odds with the intention of its drafters."

Therefore,

Upon the record herein,

IT IS ORDERED:

(1) That for the reasons stated herein, the bankruptcy court's Memorandum Decision of October 2, 1992, awarding FCBO compensation for legal services rendered, is reversed and remanded to the bankruptcy court for further proceedings consistent with 11 U.S.C. § 503 and this Memorandum Opinion and Order.

---

**2.** When Chapter 12 was enacted, Congress added numerous references to that Chapter throughout the Bankruptcy Code. For a representative sampling *see e.g.*, 11 U.S.C. §§ 103(a), 108, 321(a), 322(a), 326(b), 327(b), 329(b)(1)(B), 330(c), and 346(b)(1).

**3.** If the bankruptcy court's ruling were carried to its logical conclusion § 503(b) should provide compensation for creditors in similar situations which may arise in Chapter 7 and 13 proceedings, a result Congress clearly did not intend.