**In re CONNOLLY NORTH AMERICA, LLC, Debtor.**

No. 01–57090.

United States Bankruptcy Court,
E.D. Michigan,
Southern Division.

Sept. 17, 2012.

David Christopher Anderson, Southfield, MI, Robert A. Weisberg, Bloomfield Hills, MI, William M. Hannay, Chicago, IL, for Debtor.

Andrew J. Munr, Chicago, IL, William M. Hannay, Chicago, IL, William Hulsey, III, Austin, TX, for Bruce C. French, Trustee.

Andy Vara, Dean Wyman, Cleveland, OH, for Claretta Evans, U.S. Trustee.

Claretta Evans, Richard A. Roble United States Trustee, Detroit, MI, for Daniel M. McDermott, U.S. Trustee.

## AMENDED OPINION[1] REGARDING THE APPLICATION OF COFACE AND MEDIOFACTORING FOR ALLOWANCE OF ADMINISTRATIVE EXPENSE

THOMAS J. TUCKER, Bankruptcy Judge.

### I. Introduction

Section 503(b)(3)(D) of the Bankruptcy Code permits the Court to allow an administrative expense for a "creditor ... in making a substantial contribution in" a Chapter 9 or Chapter 11 case. This case raises the question whether the Court may allow an administrative expense for a creditor who has made a substantial contribution *in a Chapter 7 case*, under the general authority to allow "administrative expenses" contained in the opening clause of § 503(b). The Court concludes that the answer to this question is "no."

This case is before the Court on the application filed by Coface Argentina and Mediofactoring (collectively, "Coface"), entitled "Application for Allowance of Admin-

---

1. This opinion amends the opinion filed on September 15, 2012 (Docket # 1163), in a few minor ways. No substantive amendments are made.

istrative Expenses" (Docket # 1136, the "Application"). Coface is an unsecured creditor whose claims, according to Coface, amount to roughly 50% of the total amount of the nonpriority unsecured claims in this case. In its Application, Coface seeks allowance of an administrative claim of $164,336.28. Coface says that it spent this much on attorney fees and related expenses in this case, for legal work performed from April 2009 forward, that directly and substantially increased the funds available for distribution to unsecured creditors in this case, and that "substantially benefitted" the bankruptcy estate and the unsecured creditors.[2]

The Chapter 7 trustee, Bruce C. French, became the trustee after this Court granted Coface's motion to remove the original Chapter 7 trustee, on October 15, 2009.[3] Trustee French supports Coface's Application.[4] No creditor has objected to the Application. But the United States Trustee objects.[5] The Court held a hearing on August 29, 2012, and took the Application under advisement.

The Court has considered all of the papers filed by Coface, the United States Trustee, and Trustee French, as well as the arguments made by these parties during the August 29 hearing. And the Court has reviewed and considered all of the cases cited by the parties in their papers and at the hearing. For the reasons stated in this opinion, Coface's Application must be denied.

## II. Jurisdiction

This Court has subject matter jurisdiction over this bankruptcy case and this contested matter under 28 U.S.C. §§ 1334(b), 157(a) and 157(b)(1), and Local Rule 83.50(a) (E.D. Mich.). This contested matter is a core proceeding under 28 U.S.C. § 157(b)(2)(A) and 157(b)(2)(O). This matter also is "core" because it is "created or determined by a statutory provision of title 11," namely, 11 U.S.C. § 503(b). *See generally Allard v. Coenen (In re Trans–Industries, Inc.),* 419 B.R. 21, 27 (Bankr.E.D.Mich.2009).

## III. Discussion

 Coface bases its request for allowance of an administrative expense strictly on the opening clause of 11 U.S.C. § 503(b), which says that "After notice and a hearing, **there shall be allowed administrative expenses,** other than claims allowed under section 502(f) of this title, including— . . . ." (*emphasis added*).[6] Following these words in the statute, there are nine numbered examples of allowable

---

2. *See* Application (Docket # 1136) at 1, and Exhibits 1–3.

3. *See* Docket # 847.

4. *See* Docket # 1154.

5. Docket # 1137.

6. Section 503(b) provides, in the parts that are relevant to this opinion, as follows:

 After notice and a hearing, there shall be allowed administrative expenses, other than claims allowed under section 502(f) of this title, including—
 (1)(A) the actual, necessary costs and expenses of preserving the estate including—
 . . .

(3) the actual, necessary expenses, other than compensation and reimbursement specified in paragraph (4) of this subsection, incurred by—
 . . .
 (D) a creditor, an indenture trustee, an equity security holder, or a committee representing creditors or equity security holders other than a committee appointed under section 1102 of this title, in *making a substantial contribution in a case* under chapter 9 or 11 of this title.
11 U.S.C. § 503(b).

types of administrative expenses. 11 U.S.C. § 503(b)(1) through 503(b)(9). Coface disclaims reliance on any of those statutory examples. For example, Coface made clear at the hearing that it is *not* arguing that its administrative expense claim can be allowed under § 503(b)(1) as an "actual, necessary cost[ ] and expense[ ] of preserving the estate." As another example, Coface clearly does *not* contend that § 503(b)(3)(D) permits allowance of its administrative expense claim. That subsection applies to, among others, a "creditor ... in making a substantial contribution in a case under chapter 9 or chapter 11 of this title." 11 U.S.C. § 503(b)(3)(D). This section clearly does not apply to a creditor who makes a "substantial contribution"—no matter how great—*in a Chapter 7 case.*

The United States Trustee objects on the ground that the Court has no legal authority to allow Coface's administrative expense claim, under § 503(b) or any other provision of the Bankruptcy Code.

It is undisputed, and it is clear to the Court, that at least some of the work that Coface paid its attorneys to do in this case substantially benefitted the bankruptcy estate and the unsecured creditors, and contributed greatly to there being a significant increase the amount of funds that the unsecured creditors will receive in this case. For example, it was Coface that filed and successfully prosecuted the motion to remove the former trustee in 2009. But for those actions, the estate would have been closed without ever recovering the substantial additional sums that the successor trustee French has recovered since that time. Because of the Court's ground of decision, however, it is not necessary to discuss in detail Coface's contributions in this case.

Of course, even without the allowance of its administrative claim, Coface stands to benefit substantially from the contributions it made in this case. As the creditor holding roughly 50% of the amount of the unsecured claims, Coface will receive roughly 50% of the net increase in distributions that are paid to unsecured creditors because of Coface's work. But the other unsecured creditors also will benefit from Coface's contributions in this case, without helping share Coface's costs, unless Coface's administrative expense claim is allowed at least in part. There is an appealing argument that fairness requires that Coface be at least partially compensated by the estate for the attorney fees and expenses it paid to help enrich the estate.

The problem, however, is that the United States Trustee is correct in its legal conclusion. The Court concludes that it may not allow Coface's administrative claim, even in part, under § 503(b).

Coface's argument for allowance of an administrative expense, in substance, is that it is a creditor that has made a substantial contribution in this case. As noted above, Congress has explicitly provided for an administrative expense for just such a creditor, in § 503(b)(3)(D), but not in Chapter 7 cases; rather, only in Chapter 9 and Chapter 11 cases. This provision in § 503(b) clearly implies, and requires the Court to rule, that a creditor making a substantial contribution *in a Chapter 7 case* may not be allowed an administrative expense claim under § 503(b)'s opening clause—its general provision for "administrative expenses."

■ In interpreting the statute this way, the Court is mindful that § 503(b)(3)(D), and the other examples of allowable administrative expenses in §§ 503(b)(1) through 503(b)(9), are not exhaustive. *See In re Flo–Lizer, Inc.,* 916 F.2d 363, 365 (6th Cir.1990). The word

"including" in the opening clause of § 503(b) is not limiting. Bankruptcy Code § 102(3) makes this clear—it says that when the words "include" and "including" are used in the Code, they "are not limiting." 11 U.S.C. § 102(3).

Even so, the Court concludes that no administrative expense may be allowed, based on the opening clause of § 503(b), for a creditor's substantial contribution in a Chapter 7 case. The presence of the provision in § 503(b)(3)(D), expressly allowing an administrative expense for a creditor who makes a substantial contribution in a Chapter 9 or Chapter 11 case, but not extending that to a Chapter 7 case, shows a Congressional intent *not* to extend administrative expense treatment to such a creditor in a Chapter 7 case.

In reaching this conclusion, the Court is persuaded by the reasoning in *In re Hackney,* 351 B.R. 179 (Bankr.N.D.Ala.2006) and the numerous cases it quotes, 351 B.R. at 200–04, 205 (including the *Russello* and *Peterson* cases quoted at 201–02; the *Conty* case quoted at 202–03; the *Blount* case quoted at 203; and the *Elder* case quoted at 205, all of which the Court incorporates into this opinion by reference.) *See also In re Beck Rumbaugh Associates, Inc.,* 84 B.R. 369, 371 (E.D.Pa.1988). The Court finds particularly persuasive the reasoning of the district court in *United States Trustee v. Farm Credit Bank of Omaha (In re Peterson),* 152 B.R. 612, 613–14 (D.S.D. 1993), quoted at length in *Hackney,* 351 B.R. at 201–02. *Peterson* was a Chapter 12 case, but its reasoning applies with equal force, or even greater force, in a Chapter 7 case:

> Section 503(b) provides that the allowance for administrative expenses includes expenses related to specific activities. The Bankruptcy Code's Rules of Construction expressly states that the words " 'includes' and 'including' are not

limiting". 11 U.S.C. § 102(3). Based on this language, the Court agrees that the specified activities listed under § 503(b) are not the only activities which may qualify as compensable administrative expenses.

Section 503(b)(3)(D) states that among the expenses which may be recovered are those incurred by "a creditor, . . . in making a substantial contribution in a case under chapter 9 or 11 of this title". However, there is no provision in § 503 for the recovery of expenses incurred by a creditor in a bankruptcy case under Chapter 7, 12, or 13.

In the absence of § 503(b)(3)(D) the Court might be persuaded that a creditor who performs the activities undertaken by FCBO in this matter would be entitled to compensation for those efforts on the basis that the use of the word "including" in § 503(b) is not limiting. But the presence of subsection (3)(D) to § 503(b) casts an entirely different light on the analysis of the statute.

While Chapter 12 had not yet been drafted or considered by Congress when the original version of § 503(b)(3)(D) was promulgated, Chapters 7 and 13 were in existence at that time and Congress expressly chose not to include those Chapters in § 503(b)(3)(D). Although the parties speculate as to the reasons why Congress did not include the other bankruptcy chapters in § 503(b)(3)(D), the Court is not going to engage in speculation and attempt to divine congressional wisdom. For whatever reason, Congress chose not to include reference to those other chapters in § 503(b)(3)(D).

The ruling of the bankruptcy court in this case has effectively rewritten § 503(b)(3)(D) to include Chapter 12. While this may be an equitable result

based on the efforts of FCBO in this case, the Supreme Court has explicitly stated "that whatever equitable powers remain in the bankruptcy courts must and can only be exercised within the confines of the Bankruptcy Code." *Norwest Bank Worthington v. Ahlers*, 485 U.S. 197, 206, 108 S.Ct. 963, 969, 99 L.Ed.2d 169 (1988). The authority to address any inequities which may . be present in the application of the plain meaning rule to § 503(b) is vested in Congress, not the courts. *Taylor v. Freeland & Kronz*, 503 U.S. 638, 112 S.Ct. 1644, 1649, 118 L.Ed.2d 280 (1992).

Moreover, the bankruptcy court's ruling would render subsection (3)(D) of § 503(b) meaningless. As the United States Trustee points out, if a creditor who makes a substantial contribution in a Chapter 12 proceeding is entitled to compensation for its expenses under § 503(b), the phrase "in a case under Chapter 9 or 11 of this title" in subsection (3)(D) would be merely excess verbiage.FN3 It is a well established tenet of statutory construction that a statute will not be interpreted so as to render other provisions of the same enactment superfluous. *Freytag v. Comm'r*, 501 U.S. 868, 111 S.Ct. 2631, 2638, 115 L.Ed.2d 764 (1991); *Conway County Farmers Ass'n v. United States*, 588 F.2d 592, 598 (8th Cir.1978).

---

FN3. If the bankruptcy court's ruling were carried to its logical conclusion § 503(b) should provide compensation for creditors in similar situations which may arise in Chapter 7 and 13 proceedings, a result Congress clearly did not intend.

Literal application of the statute's language does not "produce a result de-

monstrably at odds with the intention of its drafters."

152 B.R. at 613–14 (footnote omitted).

As with many legal issues under the Bankruptcy Code, the case law is not uniform on this issue. To the extent the Court's decision is inconsistent with other cases, such as the cases cited in Coface's Application and Reply,[7] and the *Integrity Supply* case cited by Coface at the hearing,[8] the Court respectfully disagrees with such cases.

 Finally, the Court notes that Bankruptcy Code § 105(a) does not permit the Court to allow Coface's administrative expense claim. Because the Court interprets § 503(b) as a whole, including § 503(b)'s opening clause and § 503(b)(3)(D), to *preclude* the Court from allowing Coface's administrative claim, the Court may not allow that claim under § 105(a). Section 105(a) gives the Court authority to issue "any order . . . that is necessary or appropriate to carry out the provisions of" the Bankruptcy Code. As the United States Trustee points out, this language in § 105(a) does not permit the Court to order relief that contravenes another provision of the Code. *See Miller v. Pennsylvania Higher Education Assistance Agency (In re Miller)*, 377 F.3d 616, 624 (6th Cir.2004).

## IV. Conclusion

For the reasons stated in this opinion, the Court will enter a separate order, denying the Coface Application.

**7.** Docket ## 1136, 1156.

**8.** *In re Integrity Supply, Inc.*, 417 B.R. 514 (Bankr.S.D.Ohio 2009).